The Louisville, New Albany and Chicago R. W. Co. *v.* Elmore.

Jacob C. Heinz, Frederick J. Heinz, and Charles Horstmeyer as partners, the property in question had been seized by the sheriff, the appellant in the cause now before us, under a writ of attachment, as the property of the partnership.   When so seized the property was in the possession of John R. Deitrich, the appellee, to whom it had been assigned by said Horstmeyer, one of said partners, in trust for the benefit of certain creditors of the firm.

The case at bar is the action of replevin mentioned in *Callahan* v. *Heinz, ante,* 359.   In that case it was decided by this court that the assignment to the appellee was invalid.   Adhering to that decision, we must hold that the evidence was insufficient.   The judgment is reversed, and the cause is remanded for a new trial.

---

The Louisville, New Albany and Chicago Railway Company *v.* Elmore.

[No. 2,037.    Filed June 4, 1897.    Rehearing denied May 25, 1898.]

From the Montgomery Circuit Court.   *Affirmed.*

*E. C. Field, W. S. Kinnan* and *Thomas & Whittington,* for appellant.

*Jere West* and *Claude Thompson,* for appellee.

Black, J.—The facts in this case, as shown by a special verdict within the averments of the complaint of the appellee against the appellant, stated very briefly, yet with sufficient distinctness to illustrate the legal principle involved, were, that a wreck of appellant's passenger train was caused by appellant's negligence, about which there is no question, near the city of Crawfordsville, and about two hundred feet from the appellee's house, where he resided with his family.   A number of passengers, wounded in the wreck, were carried into appellee's dwelling by persons assisting them immediately after the accident.   Whether the agents of the appellant carried or helped to carry them in does not appear.   By reason of carrying the wounded passengers into his house the appellee's property was damaged, and some of his household goods and clothing and the clothing of his family were taken away and destroyed.   The appellant had knowledge that appellee's property was being injured, carried away and destroyed.   Its agents assisted in removing the wounded passengers from the house, and in carrying away appellee's property, consisting of beds, bedding, table linen, and wearing apparel, some portions of which were returned.   Appellee's damages were assessed at forty dollars, for which amount the judgment was rendered.

The injury suffered by appellee was consequent upon the negligence

Clark Civil Tp. *v.* Peoples' State Bank of Oakland City, Indiana.

of the appellant which caused the wreck. Can it be attributed to that negligence as a proximate result thereof?

The connection between the appellant's negligence and the appellee's injury, which would not have occurred but for such negligence, apparently was not broken; for the intervening event might in the natural and ordinary course of things have been anticipated as not improbable. The appellant, guilty of negligence which occasioned the wreck of a passenger train in such neighborhood, might well anticipate that such a consequence was reasonably possible to occur.

Where such a disaster occurs in proximity to such a place of shelter as that afforded by the appellee's dwelling house, the instinctive humane impulses of those who witness the suffering and peril of the injured passengers may be expected to occasion such an invasion of the convenient place of shelter, and in this instance the injury thus done to its owner, through the appropriation and use of his household goods and wearing apparel in caring for the wounded, so far as not trespass in which appellant's servants acting for the appellant in caring for the wounded participated, would seem to be a natural effect of a single wrong. See Sher. & Red. Neg. secs. 26 *et seq.*

However, the question whether the injury suffered by the appellee, or any part thereof, should be regarded as a proximate effect of the appellant's negligence whereby the wreck was caused, is not so presented as to require us to decide it. The record does not show a motion for a new trial, and no question is presented as to the amount of the recovery. What portion of the whole amount awarded was allowed for the carrying away of the appellee's property does not appear, but some part of the sum awarded was recoverable on this account. The judgment is affirmed.